IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AVERYL CLEVELAND McDANIELS                              PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:05cv159DCB-JCS

HARLEY LAPPIN, et al.                                    RESPONDENTS

OPINION AND ORDER

On October 3, 2005, the petitioner filed a petition for habeas relief.  An order was entered

on November 22, 2005, directing the petitioner to file a written response on or before December

13, 2005.  The order was mailed to the petitioner at his last known address.  The envelope

containing the order to respond was returned by the postal service with a notation

"Undeliverable" and filed in this civil action on December 13, 2005.  The petitioner had been

warned previously that failure to comply with an order of this court or failure to notify this court

of a change of address could result in the dismissal of his civil action.  Even though it has been

more than 25 days from the date of the deadline, the petitioner has failed to respond or to  comply

with this order or to communicate otherwise with this court.

It is apparent from the petitioner's failure to communicate with this court that he lacks

interest in pursuing this claim.  This court has the authority to dismiss an action for the

petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and

under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370

U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the

inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the respondents have never been called upon to respond to the petitioner's pleading, and have never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 13th day of  January, 2006.


S/DAVID BRAMLETTE_____
UNITED STATES DISTRICT JUDGE

2